ST. PAUL, J.
 

 This is an action for moneys accruing under two certain contracts with two of defendant’s general agents. It involves the interpretation of a voluminous correspondence between the parties, beginning with a letter from plaintiff to defendant, dated June 28, 1922, and ending with a letter from defendant to plaintiff, dated June 2, 1925; which correspondence, together with the documents annexed (exclusive of the photostatic copies of certain accounts, and of the contracts to which the correspondence relates) covers over 80 folio pages of the transcript.
 

 I.
 

 The contention of the defendant is that said correspondence evidences a mere offer on its part to extend to plaintiff a pure gratuity as a business courtesy; that it has in no way bound itself to plaintiff, and may recede from its offer at will. The contention of plaintiff is that defendant bound itself to pay over to plaintiff certain moneys accruing under two certain contracts, if it (plaintiff) would secure assignments of said contracts- from the original parties thereto, consent that certain payments should be made by preference out of what might accrue under said contracts, and accept without question defendant’s bona fide statements as to the amounts accruing thereunder ; thus relieving defendant of any obligation to render accounts to said original parties, and enabling it to continue the business involved in said contracts without the inconvenience and annoyance to which it might be subjected by the claims, real or imaginary, of the original parties to said contracts.
 

 II.
 

 The case was tried, argued, briefed, and submitted; and the trial judge, after considering the case for three weeks, reached the conclusion that plaintiff’s contention was well founded, and rendered judgment accordingly.
 

 The judges of this court have also considered the case carefully, have read and studied the voluminous correspondence between the parties and the exhaustive briefs herein filed by counsel, and the conclusion of the court is that the judgment appealed from is correct.
 

 III.
 

 We will not go into details. The main, if not sole, complaint and dissatisfaction,of the defendant is based on the fact that, in securing the assignments from the original parties thereto, the plaintiff pledged itself to said parties to pay over to their creditors, and afterwards to them, the balance or surplus which might remain after plaintiff’s own claim and expenses had been fully satisfied. We do not think this violated either the letter or the spirit of the agreement between plaintiff and defendant. The latter has no interest whatever in what disposition plaintiff may make of any funds it may receive from defendant. And the fact of the matter is that the original parties to said contract have been eliminated, so far as defendant is concerned, as completely as if they had never existed; whilst plaintiff has become the sole party having any claims whatever against defendant, and has bound itself to accept without question defendant’s bona fide statement as to the amounts .accruing under said contract.
 

 Thus the assignment by the original parties to plaintiff, which was intended to, and did, fix definitely their position towards defendant, was an outright assignment without reservation whatsoever, and the transfer by plaintiff- to defendant distinctly provides that:
 

 
 *169
 
 ’ “It is further agreed and understood by the parties hereto that all remaining credits and moneys due under the terms of the two aforesaid insurance contracts, as properly and legally determined
 
 by the said insurance company
 
 (italics ours), after the preferred creditors have been paid as above indicated, shall be paid by the said Mutual Life Insurance Company, of Philadelphia, Pa., to the said Exchange National Bank, of Shreveport, La.”
 

 And this, after all, is a purely abstract proposition. Plaintiff
 
 has
 
 in fact accepted defendant’s statement up to date without question, which involved the only matters about which there was room for any controversy. Prom this time on it is only a matter of computing the fixed commission which may accrue on premiums paid upon policies taken out during the time of said original contracts; and that is mere routine work done .by skilled accountants with the same automatic precision and disinterested accuracy with which a bank bookkeeper enters the debits and credits of the day.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.'